■ Professional Staff Congress/CUNY et al., Appellants, v City University of New York et al., Respondents. In the Matter of Professional Staff Congress/CUNY et al., Appellants, v City University of New York et al., Respondents, et al., Respondents. [11 NYS3d 574]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered February 24, 2014, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs. Judgment, same court and Justice, entered February 28, 2014, denying the petition for, among other things, an order declaring that respondents violated the Open Meetings Law, and dismissing the proceeding, unanimously affirmed, without costs.

Contrary to plaintiffs' argument, the settlement agreement

that defendants are alleged to have breached does not extend to the faculty the exclusive power to formulate university-wide academic admissions and accreditation policies such as the "Pathways to Degree Completion Initiative" approved by respondent Board of Trustees in the June 27, 2011 resolution. The settlement agreement attached a resolution reaffirming Board bylaws stating that the "faculty shall be responsible" for the formulation of academic policy relating to curriculum, credits and granting of degrees (current Board bylaws § 8.5); referencing the University Faculty Senate's responsibility for formulating policy relating to university-level educational and instructional matters; and setting forth the Board's resolution that "such policies will then be considered by the Board . . . in making policy decisions relating to educational matters."

Petitioners failed to assert a viable claim of violation of the Open Meetings Law (Public Officers Law § 100). They allege that respondents improperly charged the college presidents, who are not public bodies whose actions are subject to the Open Meetings Law (Public Officers Law § 103 [a]), rather than the college faculty senates, which are public bodies subject to the Open Meetings Law, with formulating plans to implement the "Pathways to Degree Completion Initiative" (*see Matter of Perez v City Univ. of N.Y.*, 5 NY3d 522 [2005]). This is a claim that respondents violated Board of Trustees bylaws or college governance plans so as to sidestep the Open Meetings Law; it does not state a direct claim under the Open Meetings Law. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Feinman, JJ.